**BLACKFORD, Plaintiff-Appellee, v. FOLKERTH,
Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 165.    Decided March 12, 1952.

Blake & Lewis, Carroll V. Lewis, of counsel, Sidney, for plaintiff-appellee.

Cummins & Boller, Sidney, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Shelby County.

Plaintiff sued to recover money deposited by him with the defendant on the purchase of a new Studebaker automobile which was to be delivered within two weeks, but which the defendant failed to deliver. The defendant in his amended answer alleged that pending the delivery of the Studebaker automobile, in pursuance to an agreement between the parties, the defendant loaned to the plaintiff for his use a 1941 Ford automobile. Defendant further alleged: "That while the plaintiff was keeping and using said Ford automobile lent him by the defendant, the plaintiff, without the knowledge or consent of the defendant, lent said Ford automobile, the property of the defendant, to the minor son of the plaintiff. and that said minor son had a collision with a large truck, completely wrecking the Ford automobile." Defendant further alleged that the plaintiff upon request of defendant re-

fused to reimburse the defendant for the loss of the Ford, and thereupon the defendant cancelled the contract to deliver the Studebaker, and the defendant set off the value of the Ford against the amount deposited for the purchase of the Studebaker and returned the balance of $21.61 by check to the plaintiff. The plaintiff replied admitting the essential facts relative to the transaction, but denied that the Ford was loaned by the plaintiff to his son without the knowledge or consent of the defendant.

Under the pleadings the sole controverted issue was whether plaintiff permitted his son to use the Ford automobile without the knowledge or consent of the defendant. The evidence presented was on this issue.

In law the transaction constituted a bailment. The terms of the contract of bailment may be expressed or implied. There was a conflict in the evidence as to the terms of the bailment. There was evidence presented from which the jury could reasonably infer that the use of the Ford by members of plaintiff's family was with the knowledge and consent of the defendant. Obviously, the jury came to this conclusion and returned a verdict for the plaintiff for the amount of the money deposited without making deduction for the value of the Ford.

The pleadings, and likewise the evidence, presented the narrow issue as to whether the Ford was used by plaintiff's son with the knowledge and consent of the defendant. If the bailment did not permit such use, then the plaintiff was guilty of conversion in allowing his son to use the Ford, and the plaintiff's liability for loss would be certain. This would be true regardless of the degree of care required to be exercised by the plaintiff as bailee or the degree of care exercised by the son at the time the Ford was wrecked. If the terms of the bailment permitted the use of the Ford by the plaintiff's son, the defendant must seek redress against the son. The plaintiff would not be chargeable with the negligence of the son, if any. The evidence is undisputed that the Ford was wrecked by plaintiff's son while driving on a mission of his own.

In our opinion the court properly charged the jury, and did not commit prejudicial error in refusing special instructions requested by defendant, or in refusing to direct a verdict for defendant, or in overruling defendant's motion for new trial.

Finding no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.